**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Francis Larmand, Appellant.

Appellate Case No. 2009-144086

Appeal From York County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-373
Submitted June 1, 2016 – Filed July 20, 2016

**AFFIRMED**

John Dunlap Rhea, of Fairview, NC, and C. Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, of Columbia, for Respondent.

**PER CURIAM:** In this case remanded to our court from our supreme court, Francis Larmand appealed his convictions for second-degree lynching, conspiracy, and pointing and presenting a firearm. In his appeal to this court, heard en banc in

November 2012, Larmand argued the trial court erred in: (1) submitting its written charge to the jury; (2) failing to direct a verdict on the charge of lynching when the State failed to prove either an act of violence upon another person or a premeditated intent to commit an act of violence upon another person; (3) failing to direct a verdict on the charge of conspiracy when the State failed to prove any facts that would reasonably support an agreement between Larmand and his co-defendant Leo Lemire to inflict an act of violence upon another person; (4) failing to direct a verdict on the charge of pointing and presenting a firearm when the State failed to prove a conspiracy between Larmand and Lemire or present any evidence sufficient to convict Larmand for pointing and presenting a firearm; and (5) charging the jury it may infer that all persons who were present as members of a mob when an act of violence was committed are guilty as principals.

This court reversed Larmand's convictions based on the trial court's failure to direct verdicts on the charges of lynching, conspiracy, and pointing and presenting a firearm. *State v. Larmand*, 402 S.C. 184, 195, 739 S.E.2d 898, 904 (Ct. App. 2013) (en banc), *rev'd*, 415 S.C. 23, 780 S.E.2d 892 (2015). As to the remaining two issues, submitting the written jury charges to the jury and charging the jury it may infer that all persons who were present as members of a mob when an act of violence was committed are guilty as principals, this court declined to address the issues based on its disposition of the three directed verdict issues. *Id.*

In *State v. Larmand*, 415 S.C. 23, 26, 780 S.E.2d 892, 893 (2015), our supreme court reversed this court as to the three directed verdict issues, finding this court applied an incorrect standard in reviewing the denial of a motion for a directed verdict. As to the remaining two issues, our supreme court remanded to this court to address. *Id.* at 33, 780 S.E.2d at 896. We affirm both issues pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the trial court's submission of the written charge to the jury: *State v. Lemire*, 406 S.C. 558, 565-68, 753 S.E.2d 247, 251-54 (Ct. App. 2013), *cert. denied* (June 26, 2014) (finding no reversible error in the submission to the jury of the written jury charges where the same issue was raised by Larmand's co-defendant, Lemire).

2. As to the trial court charging the jury it may infer that all persons who were present as members of a mob when an act of violence was committed are guilty as principals: *Id.* at 573, 753 S.E.2d at 255 (finding "the trial court properly overruled

Lemire's objection to the jury charge" where the issue was raised by Larmand's co-defendant).

**AFFIRMED.[1]**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.